******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* CHAD LAMAR FARRAR
## (AC 40879)

Lavine, Prescott and Elgo, Js.

*Syllabus*

The defendant, who had been convicted, on a guilty plea, of the crimes of possession of a controlled substance with intent to sell and criminal possession of a firearm, and had been sentenced to a total effective term of seven years incarceration followed by eight years of special parole, appealed to this court from the judgment of the trial court denying his motion to correct an illegal sentence. In his motion to correct an illegal sentence, he claimed that his sentence, which included a term of imprisonment and a period of special parole, was not authorized by statute and, thus, violated his constitutional right against double jeopardy. Specifically, he claimed that his sentence of incarceration followed by a period of special parole was prohibited by the statute (§ 53a-35a) that requires that a defendant be sentenced to a definite term of imprisonment, because special parole is not a definite term of imprisonment. *Held* that the trial court properly denied the defendant's motion to correct an illegal sentence; the defendant's sentence was explicitly authorized by statute and did not constitute an illegal sentence, as the applicable statutes (§§ 53a-28 [b] [9] and 54-128 [c]) explicitly authorize a defendant to be sentenced to a term of imprisonment followed by a period of special parole, provided that the combined term of the period of imprisonment and special parole do not exceed the statutory maximum for the crime for which the defendant was convicted, and the defendant's sentence of seven years incarceration followed by eight years of special parole did not exceed the maximum sentence of incarceration for his conviction of possession of a controlled substance with intent to sell, which is punishable for up to fifteen years of incarceration for a first offense.

Argued October 19—officially released November 20, 2018

*Procedural History*

Substitute information charging the defendant with the crimes of possession of a controlled substance with intent to sell and criminal possession of a firearm, brought to the Superior Court in the judicial district of Waterbury, where the defendant was presented to the court, *Fasano, J.*, on a plea of guilty; judgment of guilty in accordance with the plea; thereafter, the court denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Affirmed.*

*Chad Farrar*, self-represented, the appellant (defendant).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, was *Maureen Platt*, state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The self-represented defendant, Chad Lamar Farrar, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, the defendant claims that the court improperly concluded that the sentence imposed on him for a term of incarceration followed by a period of special parole was authorized by statute and, therefore, was not illegal. We affirm the judgment of the trial court.

The following facts and procedural history underlie the defendant's appeal. On October 9, 2014, the defendant pleaded guilty to possession of a controlled substance with intent to sell in violation of General Statutes § 21a-277 (a) and criminal possession of a firearm in violation of General Statutes § 53a-217. The trial court sentenced the defendant to a total effective term of seven years of incarceration followed by eight years of special parole.

On February 27, 2017, the defendant filed a motion to correct an illegal sentence, claiming that his sentence, which included a term of imprisonment followed by a period of special parole, was not authorized by statute and, thus, violated his constitutional right against double jeopardy. The court held a hearing on the defendant's motion on May 31, 2017. In a memorandum of decision issued on June 7, 2017, the court denied the defendant's motion, concluding that "there is no authority for the proposition that special parole constitutes a separate sentence as opposed to a parole status and, therefore, a double jeopardy violation . . . ." The defendant appealed.

On appeal, the defendant claims that the court improperly denied his motion to correct an illegal sentence, asserting that his sentence of seven years of incarceration followed by eight years of special parole is prohibited by statute because special parole is not a definite term of imprisonment and that General Statutes § 53a-35a[1] requires that a defendant be sentenced to a definite term of imprisonment. He contends, therefore, that the court illegally sentenced him to both a definite term of imprisonment and a period of special parole in violation of § 53a-35a.

The issue raised by the defendant is the same one he raised in his motion to correct an illegal sentence. We have examined the record on appeal and the briefs and arguments of the parties and conclude that special parole is a status duly authorized by General Statutes § 53a-28 (b).[2] We decline to adopt the defendant's construction of § 53a-35a, as that construction would conflict with § 53a-28 (b) (9) and General Statutes § 54-128 (c). Sections 53a-28 (b) (9) and 54-128 (c) explicitly authorize a defendant to be sentenced to a term of imprisonment followed by a period of special parole, provided that the combined term of the period of impris-

onment and special parole do not exceed the statutory maximum for the crime for which the defendant was convicted.

"It . . . is well established that, [i]n cases in which more than one [statutory provision] is involved, we presume that the legislature intended [those provisions] to be read together to create a harmonious body of law . . . and we construe the [provisions], if possible, to avoid conflict between them." (Internal quotation marks omitted.) *State* v. *Victor O.*, 320 Conn. 239, 248–49, 128 A.3d 940 (2016).

Here, the defendant received a definite period of incarceration of seven years followed by a period of eight years of special parole, and the combined terms of imprisonment and special parole did not exceed the maximum sentence of incarceration for his conviction of possession of a controlled substance with intent to sell pursuant to § 21a-277 (a), which is punishable for up to fifteen years of incarceration for a first offense. The defendant's sentence, therefore, was explicitly authorized by statute and does not constitute an illegal sentence. Therefore, the trial court properly denied the defendant's motion to correct an illegal sentence.

The judgment is affirmed.

[1] General Statutes § 53a-35a titled, "Imprisonment for felony committed on or after July 1, 1981. Definite sentence. Authorized term," provides in relevant part: "For any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and, unless the section of the general statutes that defines or provides the penalty for the crime specifically provides otherwise, the term shall be fixed by the court . . . ."

[2] General Statutes § 53a-28 (b) provides in relevant part: "Except as provided in section 53a-46a, when a person is convicted of an offense, the court shall impose one of the following sentences . . . (9) a term of imprisonment *and* period of special parole as provided in section 53-125e." (Emphasis added.)

Pursuant to General Statutes § 54-128 (c), "[t]he total length of the term of incarceration and term of special parole combined shall not exceed the maximum sentence of incarceration authorized for the offense for which the person was convicted." See also General Statutes § 54-125e.