******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* AVERY CORPREW
(AC 41112)
(AC 41154)

Elgo, Bright and Devlin, Js.

*Syllabus*

The defendant, who, in two separate cases, previously had been convicted
on guilty pleas of two counts of the sale of a narcotic substance, appealed
to this court from the judgments of the trial court denying his motions
to correct an illegal sentence. The trial court sentenced the defendant
in each case to five years of incarceration followed by seven years of
special parole, to be served concurrently. Thereafter, the defendant filed
motions to correct an illegal sentence, alleging that his sentences were
illegal because they included a period of special parole, which is not a
definite sentence. The trial court denied his motions and the defendant
filed separate appeals to this court, which, sua sponte, consolidated
the appeals. On appeal, the defendant claimed that his sentences were
prohibited because special parole is not a definite sentence. *Held* that
the trial court properly denied the defendant's motions to correct an
illegal sentence: the combination of the defendant's period of incarcera-
tion of five years followed by a period of seven years of special parole
totaled twelve years, which did not exceed the maximum sentence of
incarceration of twenty years for each conviction of the sale of a narcotic
substance pursuant to statute ([Rev. to 2013] § 21a-278 [b]), and, accord-
ingly, the defendant's sentences were explicitly authorized by statute
and were not illegal.

Argued October 25, 2019—officially released February 4, 2020

*Procedural History*

Information, in the first case, charging the defendant
with the crimes of sale of a narcotic substance and
possession of narcotics, and information, in the second
case, charging the defendant with the crimes of sale
of a narcotic substance and possession of narcotics,
brought to the Superior Court in the judicial district of
New Britain, geographical area number fifteen, where
the defendant was presented to the court, *Alexander*,
*J.*, on a plea of guilty in each case to sale of a narcotic
substance; thereafter, the state entered a nolle prosequi
in each case as to the count of possession of narcotics
and the court rendered judgments in accordance with
the pleas; subsequently, the court denied the defen-
dant's motions to correct an illegal sentence, and the
defendant filed separate appeals with this court, which
consolidated the appeals. *Affirmed*.

*Avery Corprew*, self-represented, the appellant
(defendant).

*Melissa Patterson*, assistant state's attorney, with
whom, on the brief, were *Brian W. Preleski*, state's
attorney, *Christian Watson*, supervisory assistant
state's attorney, and *Mary Rose Palmese*, supervisory
assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Avery Corprew, appeals from the judgments of the trial court denying his motions to correct an illegal sentence.[1] On appeal, the defendant claims that the trial court improperly concluded that the sentences imposed on him for a term of incarceration followed by a period of special parole were authorized by statute and, thus, were not illegal. We affirm the judgments of the trial court.

The following procedural history is relevant to the defendant's claim on appeal. On September 16, 2015, the defendant pleaded guilty in each of two separate cases to a single count of sale of a narcotic substance in violation of General Statutes (Rev. to 2013) § 21a-278 (b). He was sentenced on each count to five years of incarceration, followed by seven years of special parole, to be served concurrently.

On June 15, 2017, the defendant, in each case, filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22, in which he argued that his sentence was illegal because it included a period of special parole, which is not a definite sentence, as required by statute. The court held a hearing on the defendant's motions on October 2, 2017. In a memorandum of decision issued on October 17, 2017, the court denied the defendant's motions, concluding that the imposition of special parole was statutorily authorized, and, therefore, that the defendant's sentences were not illegal. These appeals, which have been consolidated, followed.

On appeal, the defendant asserts the same argument that he raised in his motions to correct an illegal sentence—that his sentences of five years of incarceration followed by seven years of special parole are prohibited by statute because special parole is not a definite term of imprisonment, as required under General Statutes § 53a-35a.[2] This court's decision in *State* v. *Farrar*, 186 Conn. App. 220, 199 A.3d 97 (2018), is dispositive of the defendant's claim on appeal. In rejecting Farrar's claim that the term of special parole imposed on him was illegal because it is not a definite term of imprisonment as required under § 53a-35a, this court concluded that "special parole is a status duly authorized by General Statutes [Rev. to 2013] § 53a-28 (b).[3] . . . [General Statutes (Rev. to 2013) § ] 53a-28 (b) (9) and [General Statutes §] 54-128 (c) explicitly authorize a defendant to be sentenced to a term of imprisonment followed by a period of special parole, provided that the combined term of the period of imprisonment and special parole do not exceed the statutory maximum for the crime for which the defendant was convicted." (Footnote added and omitted.) Id., 223. Because the combined terms of imprisonment and special parole imposed on Farrar did not exceed the maximum sentence of incarceration for

the crime of which he was convicted, this court concluded that his sentence was explicitly authorized by statute and did not constitute an illegal sentence. Id., 222, 223–24.

Here, in each case, the defendant received a definite period of incarceration of five years followed by a period of seven years of special parole. Because the combination of those terms, twelve years, does not exceed the maximum sentence of incarceration of twenty years for the defendant's conviction of sale of a narcotic substance in each case pursuant to General Statutes (Rev. to 2013) § 21a-278 (b),[4] the defendant's sentences were explicitly authorized by statute and therefore were not illegal. Accordingly, the trial court properly denied the defendant's motions to correct an illegal sentence.

The judgments are affirmed.

[1] Although the defendant filed two appeals in this matter, they were consolidated for briefing purposes.

[2] General Statutes § 53a-35a provides in relevant part: "For any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and, unless the section of the general statutes that defines or provides the penalty for the crime specifically provides otherwise, the term shall be fixed by the court . . . ."

[3] General Statutes (Rev. to 2013) § 53a-28 (b) provides in relevant part: "Except as provided in section 53a-46a, when a person is convicted of an offense, the court shall impose one of the following sentences . . . (9) a term of imprisonment and a period of special parole as provided in section 54-125e."

Pursuant to General Statutes § 54-128 (c), "[t]he total length of the term of incarceration and term of special parole combined shall not exceed the maximum sentence of incarceration authorized for the offense for which the person was convicted." See also General Statutes (Rev. to 2013) § 54-125e.

[4] General Statutes (Rev. to 2013) § 21a-278 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance, except as authorized in this chapter, and who is not, at the time of such action, a drug-dependent person, for a first offense shall be imprisoned not less than five years or more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years or more than twenty-five years. . . ."