******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KEVIN LEWIS MARSHALL *v.* COMMISSIONER
OF CORRECTION
(AC 43693)

Elgo, Alexander and Sheldon, Js.

*Syllabus*

The petitioner, who had been convicted on a plea of guilty to the crime of
burglary in the third degree, sought a writ of habeas corpus, claiming
that the trial court had imposed an illegal sentence. The petitioner had
been sentenced to two years and one day of incarceration and thirty-
five months of special parole. The petitioner claimed that the imposition
of a term of incarceration and a period of special parole constituted
two distinct sentences for the same offense and, thus, violated his federal
and state constitutional rights to be free from double jeopardy. The
habeas court, sua sponte, ordered a hearing as to why the petition should
not be dismissed for lack of subject matter jurisdiction, pursuant to the
relevant rule of practice (§ 23-29), on the ground that the petitioner
failed to state a claim on which habeas relief could be granted, as this
court concluded in *State* v. *Farrar* (186 Conn. App. 220) that the statutory
framework explicitly authorized a defendant to be sentenced to a term
of imprisonment followed by a period of special parole, provided that
the combined term of the period of imprisonment and special parole
did not exceed the statutory maximum for the crime for which the
defendant was convicted. During the hearing, the petitioner's counsel
argued that the petitioner would not begin his special parole until he
completed a period of incarceration that was the result of a separate
conviction and, therefore, the petitioner would serve more than the
maximum sentence permitted for his conviction of burglary. The habeas
court dismissed the petition and the petitioner, on the denial of his
petition for certification to appeal, appealed. *Held* that the habeas court
properly dismissed the habeas petition pursuant to § 23-29: although
the petitioner claimed that the court should have permitted the filing
of an amended habeas petition prior to rendering judgment, noting that
the court set the filing deadline for an amended petition many months
after the dismissal hearing, subject matter jurisdiction may be raised at
any time and, once it was raised, the court was required to address and
resolve it, the petition, as filed, limited the petitioner's claim to an illegal
sentence that violated double jeopardy, and, although the representa-
tions made by habeas counsel at the hearing indicated the possibility
of filing an amended petition to include, inter alia, claims of ineffective
assistance of counsel, those representations did not have the effect of
changing or enlarging the claim set forth in the petition that actually
was before the habeas court, the petitioner did not claim that the com-
bined period of imprisonment and special parole exceeded the statutory
maximum for burglary in the third degree, and therefore the petitioner
failed to allege an unconstitutional violation of his liberty and the court
lacked subject jurisdiction; moreover, the habeas court did not abuse
its discretion in denying the petition for certification to appeal the
dismissal of the petition for a writ of habeas corpus.

Argued March 10—officially released August 3, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland, where
the court, *Newson, J.*, rendered judgment dismissing
the petition; thereafter, the court denied the petition
for certification to appeal, and the petitioner appealed
to this court. *Appeal dismissed.*

*Naomi T. Fetterman*, assigned counsel, for the appel-
lant (petitioner).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Michael Proto*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

ALEXANDER, J. The petitioner, Kevin Lewis Marshall, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly dismissed his habeas petition. We disagree, and, accordingly, dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our discussion. The petitioner pleaded guilty to two counts of burglary in the third degree in violation of General Statutes § 53a-103. For each offense, the court imposed a sentence of two years and one day of incarceration and thirty-five months of special parole,[1] with the sentences to run concurrently.

In April, 2018, the self-represented petitioner commenced the present habeas action. He alleged that the court had imposed an illegal sentence. Specifically, he claimed that the imposition of a term of incarceration and a period of special parole constituted two distinct sentences for the same offense and, thus, violated his federal and state constitutional rights to be free from double jeopardy.

On June 6, 2019, the habeas court, *Newson, J.*, issued an order, pursuant to Practice Book § 23-29, that a hearing to determine why the habeas petition should not be dismissed would be held within thirty days.[2] In this order, the court noted that the petitioner had alleged "that a sentence imposed which includes special parole violates double jeopardy, which the [Appellate] Court explicitly rejected in *State* v. *Farrar*, 186 Conn. App. 220, 221, 199 A.3d 97 (2018)." The next day, the habeas court issued a scheduling order, setting a November 8, 2021 deadline for the filing of an amended petition.

At the July 16, 2019 hearing, the habeas court iterated that the petitioner essentially claimed that a sentence that includes a term of incarceration and a period of special parole constitutes a double jeopardy violation, and that this court's decision in *State* v. *Farrar*, supra, 186 Conn. App. 220, foreclosed that claim. Attorney Michael Stonoha, who had been appointed to represent the petitioner, argued that the petitioner would not begin his special parole until he completed a period of incarceration that was the result of a separate conviction, and therefore the petitioner would serve well over the maximum sentence permitted for his conviction of burglary in the third degree. The court responded that, in the context of a motion to dismiss, it was limited to the "four corners" of the petition for a writ of habeas corpus. Counsel for the respondent, the Commissioner of Correction, argued that *State* v. *Farrar*, supra, 186 Conn. App. 220, was controlling with respect to the claim alleged in the habeas petition and that he could

not comment on any potential claims in the future. The petitioner's counsel further suggested the possibility of raising a claim of ineffective assistance of counsel.

After hearing further argument, the court dismissed the habeas petition, concluding that it failed to state a claim on which habeas relief could be granted. In the alternative, the court stated that it lacked jurisdiction because the allegation set forth in the habeas petition did not allege a constitutional violation. That same day, the petitioner filed a petition for certification to appeal the court's dismissal of his habeas petition. On July 17, 2019, the court denied the petition for certification to appeal. This appeal followed.

The petitioner first claims that the habeas court abused its discretion in denying his petition for certification to appeal the dismissal of his petition for a writ of habeas corpus. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. [In the absence of] such a showing by the petitioner, the judgment of the habeas court must be affirmed." (Citation omitted; internal quotation marks omitted.) *Wright* v. *Commissioner of Correction*, 201 Conn. App. 339, 344–45, 242 A.3d 756 (2020),

cert. denied, 336 Conn. 905, 242 A.3d 1009 (2021); see also *Moore* v. *Commissioner of Correction*,      Conn.     ,      , A.3d     (2021).

In order to determine whether the habeas court's denial of the petition for certification to appeal constituted an abuse of discretion, we must consider his substantive claim that the habeas court improperly dismissed his petition for a writ of habeas corpus pursuant to Practice Book § 23-29. See, e.g., *Wright* v. *Commissioner of Correction*, supra, 201 Conn. App. 345. Practice Book § 23-29 provides in relevant part: "The judicial authority may, *at any time, upon its own motion* or upon motion of the respondent, *dismiss the petition*, or any count thereof, if it determines that: (1) the court lacks jurisdiction; (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted . . . ." (Emphasis added.) See also *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 554, 223 A.3d 368 (2020). Our Supreme Court has analogized Practice Book § 23-29 to Practice Book §§ 10-30 and 10-39. Id., 561; see also *Kobza* v. *Commissioner of Correction*, 204 Conn. App. 547, 556,      A.3d      (2021) (habeas corpus action, as variant of civil actions, is subject to ordinary rules of civil procedure unless superseded by more specific rules pertaining to habeas actions).

The habeas court dismissed the petition based on its determination that it lacked jurisdiction and that the petitioner failed to state a claim on which habeas corpus relief could be granted. At the outset, we note that a determination regarding the habeas court's subject matter jurisdiction presents a question of law, and therefore our review is plenary. *Byrd* v. *Commissioner of Correction*, 177 Conn. App. 71, 79, 171 A.3d 1103 (2017); *Petaway* v. *Commissioner of Correction*, 160 Conn. App. 727, 731, 125 A.3d 1053 (2015), appeal dismissed, 324 Conn. 912, 153 A.3d 1288 (2017); see also *Brewer* v. *Commissioner of Correction*, 162 Conn. App. 8, 13, 130 A.3d 882 (2015) (conclusions reached by habeas court in its decision to dismiss habeas petition are matters of law subject to plenary review, while challenges to factual findings are subject to clearly erroneous standard).

The jurisdiction of the habeas court is well established in our jurisprudence. "With respect to the habeas court's jurisdiction, [t]he scope of relief available through a petition for habeas corpus is limited. In order to invoke the trial court's subject matter jurisdiction in a habeas action, a petitioner must allege that he is illegally confined or has been deprived of his liberty. . . . In other words, a petitioner must allege an interest sufficient to give rise to habeas relief. . . . In order to . . . qualify as a constitutionally protected liberty [interest] . . . the interest must be one that is assured either by statute, judicial decree, or regulation." (Cita-

tions omitted; internal quotation marks omitted.) *Green* v. *Commissioner of Correction*, 184 Conn. App. 76, 85, 194 A.3d 857, cert. denied, 330 Conn. 933, 195 A.3d 383 (2018); see also *Byrd* v. *Commissioner of Correction*, supra, 177 Conn. App. 82.

The habeas court concluded that this court's decision in *State* v. *Farrar*, supra, 186 Conn. App. 220, foreclosed the sole claim set forth in the habeas petition filed by the petitioner; namely, that the court imposed an illegal sentence that violated double jeopardy. A brief review of that case, therefore, will facilitate our discussion. In *State* v. *Farrar*, supra, 221, the defendant appealed from the denial of his motion to correct an illegal sentence. The defendant had pleaded guilty to possession of a controlled substance with intent to sell and criminal possession of a firearm. Id., 222. The court imposed a total effective sentence of seven years of incarceration, followed by eight years of special parole. Id. Thereafter, the defendant challenged his sentence, arguing that a term of imprisonment followed by a period of special parole was not statutorily authorized and thus violated his constitutional right against double jeopardy. Id. The trial court denied the defendant's motion to correct an illegal sentence. Id.

On appeal, the defendant argued that special parole was not a definite term of imprisonment and, thus, was in violation of General Statutes § 53a-35a. Id. He claimed, therefore, "that the court illegally sentenced him to both a definite term of imprisonment and a period of special parole . . . ." Id., 222–23. In rejecting this claim, we determined that the controlling statutory framework "*explicitly* [*authorizes*] *a defendant to be sentenced to a term of imprisonment followed by a period of special parole, provided that the combined term of the period of imprisonment and special parole does not exceed the statutory maximum for the crime for which the defendant was convicted.*" (Emphasis added.) Id., 223.

In his petition for a writ of habeas corpus, the petitioner claimed that his sentence was illegal because it included both a period of incarceration and special parole. He further argued that a definite sentence followed by special parole constituted two distinct sentences for the same offense and therefore violated double jeopardy. He did not claim, however, that the combined period of imprisonment and special parole exceeded the statutory maximum for burglary in the third degree. Thus, we agree with the habeas court's conclusion that, as a result of this court's decision in *State* v. *Farrar*, supra, 186 Conn. App. 220, the petitioner had failed to allege an unconstitutional violation of his liberty, and therefore it lacked subject matter jurisdiction.

In his appellate brief, the petitioner contends that the court should have considered the representations made by his habeas counsel enhancing the allegations

contained in the habeas petition filed by the petitioner himself. Specifically, he directs us to the following statements made at the July 16, 2019 hearing: "I believe [the petitioner] has a colorable claim that, based on the special parole statute, that as soon as his maximum term of 731 days ended, he was to be automatically transferred to the Board of Pardons and Parole for a period of special parole and that he should be credited on that special parole while he is still incarcerated [on a separate conviction and sentence]." Habeas counsel also noted the possible existence of a colorable claim of ineffective assistance of counsel. As a result of habeas counsel's representations, the petitioner maintains that the court should have permitted the filing of an amended habeas petition prior to rendering a judgment of dismissal. In further support of this contention, the petitioner notes that the habeas court's scheduling order did not require the filing of an amended petition until November 8, 2021.

The petitioner's arguments, however, fail to account for several well established principles. First, the issue of subject matter jurisdiction may be raised at any time. "This court has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, *at any time*." (Emphasis added; internal quotation marks omitted.) *Pentland* v. *Commissioner of Correction*, 200 Conn. App. 296, 302, 238 A.3d 778, cert. denied, 335 Conn. 973, 241 A.3d 129 (2020); see *Johnson* v. *Rell*, 119 Conn. App. 730, 736, 990 A.2d 354 (2010); see also Practice Book § 23-29 (1) (court may, at any time, dismiss habeas petition for lack of subject matter jurisdiction).

Second, the habeas petition filed by the petitioner limited his claim to an illegal sentence that violated double jeopardy. The representations of habeas counsel[3] made at the July 16, 2019 hearing indicated the possibility of filing an amended petition, but did not have the effect of changing or enlarging the claim set forth in the petition that actually was before the habeas court. See, e.g., *Nelson* v. *Commissioner of Correction*, 326 Conn. 772, 781, 167 A.3d 952 (2017) (habeas court properly declined to consider issues raised only in memorandum of law in opposition to motion to dismiss and not in habeas petition). "[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. . . . *However*, [*t*]*he petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. . . . The principle that a plaintiff may rely only upon what he [or she] has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his [or her] complaint. . . . While the*

*habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings . . . to decide claims not raised. . . .* In addition, while courts should not construe pleadings narrowly and technically, courts also cannot contort pleadings in such a way so as to strain the bounds of rational comprehension." (Citations omitted; emphasis added; internal quotation marks omitted.) *Stephenson* v. *Commissioner of Correction*, 203 Conn. App. 314, 325–26, 248 A.3d 34, cert. denied, 336 Conn. 944, 249 A.3d 737 (2021); see also *Kobza* v. *Commissioner of Correction*, supra, 204 Conn. App. 553.

Third, once the issue regarding the lack of subject matter jurisdiction is brought to the court's attention, the court must address and resolve it. This court has stated: "A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised. . . . It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be *immediately* acted upon by the court. . . . Our Supreme Court has explained that once raised . . . the question [of subject matter jurisdiction] must be answered *before* the court may decide the case." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Igersheim* v. *Bezrutczyk*, 197 Conn. App. 412, 419, 231 A.3d 1276 (2020); see also *Federal Deposit Ins. Corp.* v. *Peabody, N.E., Inc.*, 239 Conn. 93, 99–100, 680 A.2d 1321 (1996); *Burton* v. *Connecticut Siting Council*, 161 Conn. App. 329, 347–48, 127 A.3d 1066 (2015), cert. denied, 320 Conn. 925, 133 A.3d 459 (2016).

For these reasons, we conclude that the court properly dismissed the habeas petition pursuant to Practice Book § 23-29 (1), despite the representations of habeas counsel and the court's scheduling order. We also conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal the dismissal of the petition for a writ of habeas corpus.

The appeal is dismissed.

In this case the other judges concurred.

[1] "Our Supreme Court has explained the difference between probation and special parole. Pursuant to [General Statutes] § 54-128 (c), when a defendant violates special parole, he is subject to incarceration only for a period equal to the unexpired portion of the period of special parole. Thus, for a violation that occurs on the final day of the defendant's special parole term, the defendant would be exposed to one day of incarceration. *Special parole, therefore, exposes a defendant to a decreasing period of incarceration as the term of special parole is served.*" (Emphasis in original; internal quotation marks omitted.) *State* v. *Battle*, 192 Conn. App. 128, 140–41, 217 A.3d 637 (2019), aff'd,     Conn.    ,     A.3d     (2021).

[2] See, e.g., *Boria* v. *Commissioner of Correction*, 186 Conn. App. 332, 353, 199 A.3d 1127 (2018) (*Bishop, J.*, concurring) (noting that prior to dismissal of habeas petition pursuant to Practice Book § 23-29, petitioner should be given notice of court's inclination to dismiss, sua sponte, and opportunity to be heard on whether dismissal is warranted), cert. granted, 335 Conn. 901, 225 A.3d 685 (2020).

[3] Counsel entered his appearance on October 31, 2018, approximately

eight months before the court issued its notice pursuant to Practice Book
§ 23-29 and did not file an amended petition during that time period.

———————————————————